IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Dave Hall, | ) | Case No. 6:22-cv-01960-JDA |
| | ) | |
| Intervenor-Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Fluor Federal Global Projects, Inc.; | ) | |
| Fluor Corporation; | ) | |
| Fluor Enterprises, Inc., | ) | |
| | ) | |
| Defendants.[1] | ) | |
| _____ | ) | |

This matter is before the Court on motions for reconsideration filed by former Plaintiff Equal Employment Opportunity Commission (the "EEOC")[2] and Intervenor-Plaintiff Dave Hall ("Hall") (collectively, "Movants").  [Docs. 227; 228.]

The EEOC filed this action under the Americans with Disabilities Act on September 30, 2021, in the United States District Court for the Northern District of Georgia.  [Doc. 1.] Subsequently, the EEOC filed an Amended Complaint, and Hall was granted the right to intervene.  [Docs. 5; 16.]  On June 22, 2022, the case was transferred to this Court. [Doc. 22.]  On April 14, 2025, the Court issued an Order granting summary judgment to Defendants (collectively, "Fluor") as to Movants' disparate-treatment claims and their requests for punitive damages and denying summary judgment as to Hall's failure-to-accommodate claim (the "Summary Judgment Order").  [Doc. 220.]

---

[1] This caption represents the current parties in this litigation.

[2]  The EEOC was terminated as a result of the Court's Order granting summary judgment on the EEOC's only claim.  [Doc. 220 at 20 & n.8.]

On May 9 and 12, Movants filed motions for reconsideration, and on May 23, 27, and 30, Fluor filed responses and the EEOC filed a reply. [Docs. 227–31.] The motions are now ripe for consideration.

## APPLICABLE LAW

Rule 54(b) of the Federal Rules of Civil Procedure governs the Court's reconsideration of interlocutory orders. Fed. R. Civ. P. 54(b). Where a district court issues an interlocutory order such as one for partial summary judgment "that adjudicates fewer than all the claims," the court retains discretion to revise such an order "at any time before the entry of a judgment adjudicating all the claims." *Id*. "Compared to motions to reconsider *final* judgments pursuant to Rule 59(e) . . ., Rule 54(b)'s approach involves broader flexibility to revise *interlocutory* orders before final judgment as the litigation develops and new facts or arguments come to light." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017). The discretion Rule 54(b) provides, however, is not limitless. *Id*. "[C]ourts have cabined revision pursuant to Rule 54(b) by treating interlocutory rulings as law of the case." *Id*. "The law-of-the case doctrine provides that in the interest of finality, when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Id*. (internal quotation marks omitted). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Id*. (cleaned up). "This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Rule 59(e), but it departs from such standard by accounting for potentially different evidence discovered

during litigation as opposed to the discovery of new evidence not available at trial." *Id*. (internal quotation marks omitted).

## DISCUSSION

In this case, Movants do not contend that there has been different evidence discovered during litigation or a change in applicable law. Rather, they argue, for several reasons, that the Court committed clear error causing manifest injustice. [*See, e.g.*, Doc. 227-1 at 1.]. The Court concludes that Movants have not satisfied the 54(b) standard with regard to any of the errors they allege.[3]

The Court specifically addresses only one of Movants' arguments.[4] Movants argue that the evidence shows that Fluor premised its decision "that Hall could not meet the fitness-for-duty standard and would not be eligible for a waiver . . . on a stereotyped judgment about cancer diagnoses generally, without conducting an individualized inquiry based on Hall's specific situation." [Doc. 227-1 at 18; *see also id.* at 2 ("Fluor terminated Hall because of its erroneous perception about the limitations imposed by his disability."); *id.* at 13 ("Fluor terminated Hall because it concluded that his cancer would render him unable to perform his essential job functions."); *id.* at 16 ("This well-accepted standard is essential to achieving one of the ADA's central purposes: preventing employers from making employment decisions on the basis of myths, prejudices, and unfounded fears."); Doc. 228-1 at 1 ("Hall adopts and incorporates the arguments . . . raised by the EEOC.").]

---

[3] The Court will not recite all of the relevant facts in this Order, but they can be found at Docket Entry 220 at 3–7.

[4] Most of Movants' arguments are attempts "to relitigate old matters or give [Movants] one additional chance to sway the judge," *Stogsdill v. Keck*, No. 3:12-cv-0007-JFA, 2015 WL 3396821, at *1 (D.S.C. May 26, 2015) (cleaned up), which is not appropriate on a motion for reconsideration, *see Regan v. City of Charleston*, 40 F. Supp. 3d 698, 702 (D.S.C. 2014).

It is clear why Movants would want to characterize the facts in this manner, but the characterization is simply not apt. Movants have not forecasted any evidence that anyone at Fluor or Occucare doubted that Hall could do his job *if he were given a chance to do so*. Fluor submits that Hall was terminated based on the determination of Fluor and Occucare that the government would not allow Hall to continue in his position. Specifically, Fluor contends that it terminated Hall because it would have been futile to file a waiver for an individual with a history of cancer that had not been in remission for one year and Occucare had not applied for waivers on behalf of Fluor for any such individuals under MOD 13. [*See, e.g.*, Doc. 170 at 5–6, 12–13.] For the reasons explained in the Summary Judgment Order, that reason is legitimate and nondiscriminatory, and Movants have failed to create a genuine dispute of material fact as to whether it is a pretext for disability discrimination.[5]  [Doc. 220 at 17–19.] Accordingly, the Court granted summary judgment to Fluor as to Movants' disparate-

---

[5] Movants emphasize that "under the express terms of the ADA and numerous decisions applying it, employers cannot immunize themselves from liability simply by outsourcing disability-related employment decisions to third parties" and that "[a]s Hall's employer, Fluor bore the ultimate responsibility for ensuring that he was not subjected to disability discrimination." [Doc. 227-1 at 19, 21.] But Movants have not forecasted evidence that could support a nonspeculative inference that the third-party—Occucare—acted out of disability-based animus either. The forecasted evidence was that neither Fluor's representative nor Occucare's were aware of any waivers that had been submitted under MOD 13 for cancer that had not been in remission for at least one year. [Docs. 156-6 ¶ 5; 156-39 ¶ 4.] And, Fluor's representative testified that, based on her experience, any waiver submitted for a cancer that had not been in remission for at least one year would be denied by the CENTCOM surgeon. [Doc. 156-5 at 7 (158:12–159:21).] Movants argue that, *in theory*, it is possible that the Department of Defense could have decided to grant Hall a waiver under MOD 13. [*E.g.*, Doc. 231 at 3–5.] But even if Movants are correct on that narrow point, they have failed to create a genuine dispute of material fact concerning whether Fluor's explanation for the termination was pretextual and that some sort of disability-based animus or doubt concerning Hall's specific ability to do his job was the true reason for Hall's termination.

4

treatment claims, and Movants have not met the standard for the Court to alter that decision.

## CONCLUSION

Wherefore, based upon the foregoing, Movants' motions for reconsideration [Docs. 227; 228] are DENIED.

IT IS SO ORDERED.

s/Jacquelyn D. Austin  
United States District Judge

Greenville, South Carolina  
June 3, 2025